IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WALTER JACKSON, | |
| Plaintiff, | |
| vs. | Case No. 14-cv-462-SMY-SCW |
| HOLTEN MEAT, INC., | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Motion for Summary Judgment (Doc. 25) and Motion to Strike (Doc. 32). Plaintiff filed responses (Docs. 30 & 35) to which Defendant replied (Docs. 31 & 36).

**Background**

Plaintiff, an African American, worked as a meat cutter at Defendant's Sauget, Illinois facility from approximately April 17, 2006 to April 1, 2013 (Doc. 25-1, p. 49; Doc. 25-2, p. 1). On March 29, 2013, Plaintiff was involved in an altercation with Paul Fowler, a Caucasian co-worker, in Defendant's lunchroom (Doc. 30-1, pp. 48-52). Plaintiff had placed his lunch in the microwave and left to take a phone call (Doc. 30-1, pp. 45-46). When he returned his lunch was gone and he believed that Fowler had taken it (Doc. 30-1, p. 47). Paula Vaughn, Plaintiff's Caucasian supervisor, had actually taken the lunch (Doc. 30-1, p. 66). Plaintiff and Fowler proceeded to wrestle (Doc. 30-1, pp. 48-52). Plaintiff characterized this portion of the incident as "horseplay" and a commonplace occurrence at the worksite (Doc. 30-1, p. 28). Vaughn purportedly encouraged and engaged in this horseplay (Doc. 30-1, p. 30). Another employee eventually intervened and stopped the wrestling (Doc. 30-4, p. 2). After the two were separated,

Fowler pulled out a pocketknife and stated "I'm going to kill you motherfucker!" (Doc. 30-4, p.2; Doc. 30-5, p. 2). After a few minutes of yelling, Fowler folded the pocketknife and left the room (Doc. 30-4, p.2; Doc. 30-5, p. 3). Ultimately, as a result of the incident Plaintiff was terminated for work place violence (Doc. 25-2, p. 1), Fowler received a three-day unpaid suspension (Doc. 25-6, p. 2), and Vaughn was terminated (Doc. 25-6, p. 2). Plaintiff now brings his claim pursuant to Title VII of the Civil Rights Act of 1964 alleging discrimination on the basis of his race.

## Motion to Strike

As an initial matter, the Court **STRIKES** Defendant's Reply to Plaintiff's Response to Defendant's Motion to Strike (Doc. 36). Local Rule 7.1(c) provides that "[r]eply briefs are not favored and should be filed only in exceptional circumstances. The party filing the reply brief shall state the exceptional circumstances." Here, Defendant failed to state any exceptional circumstances to support the filing of its reply brief.

Defendant seeks to strike Bobby L. Ellis' (Doc. 30-5) and Johnnie R. Wright's (Doc. 30-4) affidavits submitted in support of Plaintiff's response to Defendant's Motion for Summary Judgment. First, Defendant argues Ellis' and Wright's affidavits should be stricken because they contain statements that contradict Plaintiff's deposition testimony. Defendant cites to *Adusumilli v. City of Chicago* for the rule that "where deposition and affidavit are in conflict, the affidavit is to be disregarded unless it is demonstrable that the statement in the deposition was mistaken." 164 F.3d 353, 360 (7th Cir. 1998). In *Adsumilli*, the court found the district court correctly struck a portion the plaintiff's affidavit that was contradictory her deposition testimony. *Id*. Defendant, however, has provided no authority for its contention that this rule applies to a contradiction between a witness' affidavit and a party's deposition. It is not unusual that two

2

different witnesses to an incident will recall the events differently. Accordingly, the Court will not strike the affidavits.

Secondly, Defendant asserts that the affidavits must be stricken because they contain inadmissible hearsay. The Federal Rules of Civil Procedure provide that an affidavit or declaration offered to support or oppose a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). A court therefore cannot consider declarations that are inadmissible as irrelevant or hearsay or that otherwise fail to satisfy the aforementioned Rule. *Wiley v. United States,* 20 F.3d 222, 225–26 (6th Cir. 1994); *Adusumilli*, 164 F.3d at 359. The Court must "use a scalpel, not a butcher knife" and only strike portions that are inadmissible under Fed. R. Civ. P. 56(c)(4) rather than strike an affidavit in its entirety. *Upshaw v. Ford Motor Co.,* 576 F.3d 576, 593 (6th Cir. 2009).

Defendant points to fifteen particular statements it maintains "are factual allegations of which neither Wright nor Ellis have personal knowledge; involve conversations and statements to which neither Wright nor Ellis allege to have been parties; and assert purported facts about which neither Wright nor Ellis could have any information" (Doc. 32, p. 7). Six of the statements include racial slurs made by Mitchell Abbott, the individual that terminated Plaintiff and suspended Fowler. Plaintiff counters that racial slurs are admissible as direct evidence of discriminatory intent.

The affiants do not indicate they were present when Mr. Abbott made the racial slurs or admitted to making the racial slurs. Rather, the affidavits imply that the affiants learned of the racial slurs from a secondary source. Further, Plaintiff does not indicate in his response that the affiants heard the racial slurs directly. Plaintiff cites to several out-of-circuit cases which

3

purportedly support the introduction of the racial slurs in his affidavit. Unlike in the instant case, however, those cases involve racial slurs that were heard or said by the witness. As such, the affiants' statements attesting to Mr. Abbott's use of racial slurs are hearsay and inadmissible.

Accordingly, the Court **GRANTS** the Motion to Strike to the extent it **STRIKES** the following portions of Ellis' and Wright's Affidavits that refer to Abbott's use of racial slurs:

- "Mr. Abbott is a white male and has made racial comments regarding black employees calling them 'monkeys.'"
- "Some of Mr. Abbott's comments were . . . that black employees shouldn't complain regarding any work they are required to do at the factory because 'they could be picking cotton.'"
- "Mr. Abbott advised [Jackie Carpenter] that she should not be complaining about anything because 'she could be picking cotton.'"
- Mr. Abbott called Jackie Carpenter, who is a black female employee a 'monkey.' I believe Mr. Abbott was suspended two (2) days for that comment."
- "It is apparent that Mr. Abbott is biased and prejudiced against people of different races and ethnic origins."
- "A prior temporary employee of the Holten Meat Company, Missy Nancy McPherson, was talking with Mr. Abbott. At that time, Mr. Abbott asked Ms. McPherson, 'Do you really want to work with all these monkeys?'"

As Defendant does not provide argument from which the Court could conclude that the remaining statements in the affidavits are hearsay or otherwise inadmissible, the Court **DENIES** the Motion to Strike with respect to those statements.

**Motion for Summary Judgment**

As an initial matter, the Court **STRIKES** Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment (Doc. 31).  Local Rule 7.1(c) provides that "[r]eply briefs are not favored and should be filed only in exceptional circumstances.  The party filing the reply brief shall state the exceptional circumstances."  As was true with respect to its Reply to Plaintiff's Response to Defendant's Motion to Strike, Defendant failed to state any exceptional circumstances to support the filing of its reply brief.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).  The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986);  *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008);  *Spath*, 211 F.3d at 396.  Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion.  *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).  A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts,"

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

"Title VII makes it unlawful for 'an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race.'" *Brewer v. Bd. of Trs. of Univ. of Ill.*, 479 F.3d 908, 915 (7th Cir. 2007) (quoting 42 U.S.C. § 20003-2(a)(1)).  "Acting 'because of race' means acting with a racially discriminatory reason in mind." *Id.* (citing *Jordan v. City of Gary*, 396 F.3d 825, 832 (7th Cir. 2005)).  A plaintiff may avoid summary judgment on his Title VII claim using either the direct or indirect method of proof.

"Under the 'direct method,' the plaintiff may avoid summary judgment by presenting sufficient evidence, either direct or circumstantial, that the employer's discriminatory animus motivated an adverse employment action." *Coleman v. Donahoe*, 667 F.3d 835, 845 (7th Cir. 2012).  An example of direct evidence in this context is an admission by the employer. *Id*. at 860.  With respect to circumstantial evidence, the plaintiff must present a "'convincing mosaic of circumstantial evidence' that would permit the same inference without the employer's admission." *Id*. (quoting *Rhodes v. Ill. Dep't of Transp.*, 359 F.3d 498, 504 (7th Cir. 2004)).

Here, Plaintiff has no direct evidence, such as Defendant's admission, that he was terminated based on his race.  While Plaintiff suggests direct evidence exists based upon co-workers' affidavits he submitted with his response, the Court has stricken those statements as inadmissible hearsay.  As such, Plaintiff has failed to point to any direct or circumstantial evidence in the record that would allow a reasonable jury to find that Plaintiff was terminated because of his race.

Under the indirect method of proof, also known as the *McDonnell Douglas* burden-shifting framework, "the plaintiff carries 'the initial burden under the statute of establishing a prima facie case of . . . discrimination.'" *Id.* (quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

> To establish a prima facie case of discrimination a plaintiff must offer evidence that: "(1) she is a member of a protected class, (2) her job performance met [the employer's] legitimate expectations, (3) she suffered an adverse employment action, and (4) another similarly situated individual who was not in the protected class was treated more favorably than the plaintiff." *Burks v. Wis. Dep't of Transp.,* 464 F.3d 744, 750–51 (7th Cir. 2006). Once a prima facie case is established, a presumption of discrimination is triggered. "The burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason" for its action. *McDonnell Douglas,* 411 U.S. at 802; *see Burks,* 464 F.3d at 751. When the employer does so, the burden shifts back to the plaintiff, who must present evidence that the stated reason is a "pretext," which in turn permits an inference of unlawful discrimination. *McDonnell Douglas,* 411 U.S. at 804; *see Burks,* 464 F.3d at 751.

*Id.* Plaintiff "may demonstrate pretext by providing evidence that a similarly situated employee outside [his] protected class received more favorable treatment." *Coleman*, 667 F.3d at 841.

Defendant argues Plaintiff failed to state a prima facie case of discrimination under the indirect test because he failed to establish that another similarly situated individual who was not in the protected class was treated more favorably than Plaintiff. Defendant argues that other employees not in Plaintiff's class were also disciplined for the incident. Specifically, Vaughn was terminated and Fowler was suspended for three days without pay. Defendant further contends that even if Plaintiff made a prima facie case, his claim still fails because Defendant had a legitimate, non-discriminatory reason for his termination in that he was terminated for violating company policy. Plaintiff counters he has satisfied the indirect test to the extent he argues Fowler was similarly situated and treated more favorably than Plaintiff.

Here, Plaintiff has stated a prima facie case of discrimination. Plaintiff has shown that he was terminated for workplace violence for his role in the altercation. Fowler, who was involved

7

in the same altercation, was only given three days suspension. A jury could reasonably find that Fowler's action in pulling a knife was even more egregious than Plaintiff's actions. Defendant argues that both Plaintiff and Fowler were punished and therefore there was no difference in their treatment. A three-day suspension, however, is inarguably a more favorable punishment than a termination. As such, Plaintiff has shown that a similarly situated Caucasian co-worker was treated more favorably than him.

The aforementioned comparator evidence also creates a genuine issue of material fact as to whether Defendant's stated reason for termination was a pretext allowing an inference of unlawful discrimination to be drawn. *See McDonnell Douglas*, 411 U.S. at 804 (comparator evidence is "[e]specially relevant' at the pretext stage). Here, Plaintiff's Caucasian co-worker was disciplined by the same decisionmaker, subject to the same rules, and disciplined more leniently for violating the same workplace violence rule as Plaintiff. Thus, a reasonable jury could conclude that Defendant's stated reason for terminating Plaintiff was pretextual.

## Conclusion

For the foregoing reasons, the Court **DENIES in part and GRANTS in part** Defendant's Motion to Strike (Doc. 32) and **DENIES** Defendant's Motion for Summary Judgment (Doc. 25).

**IT IS SO ORDERED.**

**DATED:** May 29, 2015

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**
